# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Russell Dan Smith, an individual residing in South Carolina ) ) ) | Civil Action No. 1:10-2798-CWH-BM |
| Plaintiff, ) ) | |
| v. ) ) | **REPORT AND RECOMMENDATION** |
| Wikimedia Foundations, Inc., ) and Craigslist, Inc., ) ) | |
| Defendants. ) ) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Aiken County. It was removed to this Court by the Defendants on October 27, 2010, who specifically noted in their Notice of Removal that they had obtained a copy of the Complaint from public records of the Court of Common Pleas, and that neither Defendant had been served with a Summons or a copy of the Complaint.[1] No return of service has ever been filed with the Court.

The removal documents reflect that the Complaint was filed in state court on September 1, 2010. Pursuant to Rule 4(m), Fed.R.Civ.P., "[i]f a defendant is not served within one hundred and twenty (120) days after the complaint is filed, the Court - on motion or on its own after

---

[1] Defendants submitted the Notice of Removal "without waiving any defenses to the claims(s) asserted by the Plaintiff, including without limitation jurisdictional and service defenses . . . ."



1

notice to the Plaintiff - must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period." Here, the time for service began to run, at the latest, on October 27, 2010, and the one hundred and twenty (120) day period for service provided by Rule expired on February 24, 2011. Therefore, unless Plaintiff has made proper service on the Defendants, this case is subject to dismissal.

**Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he is to provide the Court with proof of service on the Defendants, or present good cause to the Court for any failure to serve the Defendants, within ten (10) days of the filing of this Report and Recommendation. Failure to do so may result in this case being dismissed.**

## Conclusion

If in response to this Report and Recommendation, Plaintiff submits to the Court proof of timely service on the Defendants, then in that event **IT IS ORDERED** that this Report and Recommendation be **vacated**, and that the file be returned to the undersigned for further proceedings.

In the event Plaintiff fails to submit to the Court proof of service on the Defendants, or to demonstrate good cause for having failed to do so,[2] within the time granted herein, it is

---

[2] In the event Plaintiff has failed to serve the Defendants with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation. See e.g., Epstein v. White, 1991 U.S. Dist. LEXIS 14888, 1991 WESTLAW 214152 (N.D.Ill., October 18, 1991); and cf. Mid-Continent Wood Products, Inc., v. Harris, 936 F.2d 297, 1991 U.S. App. LEXIS 13888 (7th Cir. 1991) [ Case law interpreting Rule 4(m) [or its predecessor, Rule 4(j)] has uniformly held that dismissal is mandatory if the defendants



recommended that this case be **dismissed**, without prejudice, pursuant to Rule 4(m), Fed.R.Civ.P. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom, Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.



Bristow Marchant
United States Magistrate Judge

March 1, 2011
Charleston, South Carolina

---

are not served within 120 days unless good cause is shown.].

3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

